UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY A. DAY,

    Plaintiff,

v.                                                    Case No: 8:20-cv-2477-CEH-CPT

DONALD J. TRUMP and GEORGE
ERVIN PERDUE, III,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon Defendants' Motion to Dismiss [Doc. 7] and Plaintiff's Response in Opposition [Doc. 41]. Defendants argue that dismissal is warranted as the Court lacks subject matter jurisdiction over this cause and because Plaintiff has also failed to state a claim for relief. [Doc. 7 at p. 3]. The Court, having considered the motion and being fully advised in the premises, will **GRANT** Defendants' Motion to Dismiss.

**I.    BACKGROUND**[1]

On September 21, 2020, Plaintiff filed this action against then President Donald J. Trump and Secretary of Agriculture George Ervin Perdue, III, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. [Doc. 1-1].

---

[1] The following statement of facts is derived from Plaintiff's Complaint [Doc. 1-1], the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

In his complaint, Plaintiff alleges—with specific reference to COVID-19—that the Country's food chain is "compromised" with "microbial, infectious diseases" being transmitted on "returned" "food items." *Id.* ¶ 6. He further alleges that "Defendants refused and continued to refuse to timely entertain [what is described as Exhibit 1] and to notify [him] of the action taken to secure the 'food chain' in the United States so NO 'microbial, infectious diseases,' including but not limited to, COVID-19, would be transmitted in the 'food chain.' " *Id.* Plaintiff alleges that no food item should be returned to the vendor once it has been sold as the vendor has no knowledge where the food item has been stored, or placed, or used, and that such consumer products should be returned to the manufacturer to have the item sanitized before it is provided to another citizen as this will prevent the transmission of infectious diseases between citizens. *Id.* ¶¶ 7, 8. The complaint raises claims for denial of "due process and equal protection of the law due to the inaction that has generated a[n] insecure and compromised 'food chain.' " Id. ¶¶ 9-12.

Plaintiff has requested "an order directing Defendants to immediately issue an executive directive that secures the 'food chain' by preventing 'food items' (perishable and non-perishable) from being returned to food vendors once the food item has been bought and sold." *Id.* ¶ 13. He has also requested a declaration that Defendants' refusal to secure the "food chain violated his Fifth Amendment rights and that consumer products that have been bought and sold are to be returned to the manufacturer for sanitizing before the product is returned to the vendor. *Id.* at p. 5.

Defendants removed the action to this Court on October 23, 2020, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. [Doc. 1]. They then moved to dismiss the complaint, arguing that the Court lacks jurisdiction to consider the claims presented as Plaintiff filed an identical lawsuit in the District of Columbia which has been dismissed and was on appeal.[2] [Doc. 7 at p. 4]. Additionally, Defendants argue that federal question jurisdiction does not "affirmatively appear, clearly and distinctly," and the Court should therefore dismiss this complaint under Rule 12(b)(1). *Id.* at pp. 4-5. Defendant also states that the complaint fails to state a cognizable claim for relief, because among other things, "Plaintiff does not 'actually articulate the deprivation of a protected right,' " and there is no cognizable claim that can be salvaged from his demand for a "secure food chain." *Id.* at p. 5. Defendant further argues that dismissal should be with prejudice as amendment would be futile. *Id.* at pp. 5-6.

Plaintiff filed a response raising various arguments, including a conclusory statement that the Court has subject matter jurisdiction and that the Complaint has a cognizable claim for relief. [Doc. 41 at p. 8]. According to Plaintiff, these issues were addressed in his brief filed with the United States Court of Appeals for the District of Columbia, which he attached to the response as Exhibit "1," and incorporated by reference. *Id.* at pp. 7-8. Plaintiff also notes that the case was improperly removed from state court and that he reserves the right to remand the case to state court. *Id.*

---

[2] In support of its motion, Defendant provided a copy of Plaintiff's complaint [Doc. 7-3] in the D.C. action as well as that Court's Memorandum Opinion [Doc. 7-4]. A copy of the court of appeal's decision [Doc. 48-1] was provided in support of Defendants' motion to stay.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), an action is subject to dismissal if subject-matter jurisdiction is lacking. "Subject -matter jurisdiction . . . concerns a court's competence to adjudicate a particular category of cases." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316, 126 S. Ct. 941, 950, 163 L. Ed. 2d 797 (2006). "Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually." *Roberts v. Swearingen*, 358 F. Supp. 3d 1341, 1346 (M.D. Fla. 2019) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232–33 (11th Cir. 2008). "Factual attacks, on the other hand, challenge the existence of subject-matter jurisdiction in fact, and the district court may consider matters outside of the pleadings." *Koury v. Sec'y, Dep't of Army*, 488 F. App'x 355, 356 (11th Cir. 2012).

Rule 12(b)(6) allows for dismissal based on a plaintiff's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On a motion to dismiss for failure to state a claim, the allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016). It is well established that "[a] complaint must not be dismissed unless it is shown that plaintiff can prove no set of facts in support of this

4

claim, which would entitle him to relief." *Jackam v. Hosp. Corp. of Am. Mideast*, 800 F.2d 1577, 1579 (11th Cir. 1986). To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

In ruling on a motion to dismiss, "[a] court is generally limited to reviewing what is within the four corners of the complaint." *Austin v. Modern Woodman of Am.*, 275 F. App'x 925, 926 (11th Cir. 2008) (quoting *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir.2006)). This includes attachments or exhibits provided with the complaint. *See Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes "part of the pleading for all purposes," Fed. R. Civ. P. 10(c), including for ruling on

a motion to dismiss."); *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (noting that attached exhibits to a complaint can be considered on a motion to dismiss). "[W]hen exhibits attached to a complaint 'contradict the general and conclusory allegations of the pleading, the exhibits govern.' " *Gill*, 941 F.3d at 514. A document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity. *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1297 n.15 (11th Cir. 2011) (citing *Maxcess, Inc. v. Lucent Techs., Inc.,* 433 F.3d 1337, 1340 n. 3 (11th Cir.2005)).

## III.  DISCUSSION

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "[W]ithout jurisdiction the court cannot proceed at all in any cause." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). As such, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*; *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking).

Defendants have argued that the Court does not have subject matter jurisdiction to reconsider the precise claims Plaintiff has filed in another district court and whose dismissal is on appeal, and that the complaint does not allege a jurisdictional basis for

Plaintiff's claims. [Doc. 7 at p. 4]. The United States Court of Appeals for the D.C. Circuit has since affirmed the dismissal of Plaintiff's complaint. [Doc. 48-1]. Upon comparison of the complaint in this case and the one filed in the District of Columbia, the Court finds that Plaintiff filed the same action in both courts. Our courts have long "look[ed] with disfavor upon the commencement of two separate actions which assert essentially the same cause of action based on essentially the same facts and legal theories, before two different judges." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1092 (11th Cir. 1996). " 'The law presumes that a single cause of action can be tried and determined in one suit, and will not permit the plaintiff to maintain more than one action against the same party for the same cause,' and 'if the first suit is effective and available, and affords ample remedy to the plaintiff, the second suit is unnecessary....' " *Bowman v. Coddington*, 517 F. App'x 683, 685 (11th Cir. 2013) ( quoting *Mims v. Reid,* 98 So.2d 498, 501 (Fla.1957)). In fact, "federal courts 'are afforded broad discretion in determining whether to . . . dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court.' " *Georgia ex. rel. Olens v. McCarthy*, 833 F.3d 1317, 1321 (11th Cir. 2016) (quoting *I.A. Durbin, Inc, v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986). "[A] suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *Georgia ex. rel. Olens*, 833 F.3d at 1321 (quoting *I.A. Durbin, Inc*,793 F.2d at 1551). Considering that this case is duplicative of the D.C. case, which has been dismissed without prejudice and affirmed by the Court of Appeals for the D.C. Circuit, the Court finds that dismissal is warranted.

Moreover, the Court agrees that the harms alleged by Plaintiff are the type of generalized grievances that generally do not warrant the Court's exercise of jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975). "[A] plaintiff may not invoke federal-court jurisdiction unless he can show 'a personal stake in the outcome of the controversy.' " *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018) (quoting *Baker v. Carr,* 369 U.S. 186, 204 (1962)). Without a personal stake, one lacks standing. *Baker*, 369 U.S. at 204. "A federal court is not 'a forum for generalized grievances,' and the requirement of such a personal stake 'ensures that courts exercise power that is judicial in nature.' " *Gill*, 138 S. Ct. at 1929 (quoting *Lance v. Coffman,* 549 U.S. 437, 439, 441 (2007).

Additionally, as Defendants contend, Plaintiff does not "actually articulate the deprivation of a protected right," sufficient to allege a violation of the Fifth Amendment. "[T]he Supreme Court has established that the Due Process Clause of the Fifth Amendment impliedly imposes the same obligations on the federal government as does the Equal Protection Clause on the states, and any alleged violations of those obligations are analyzed in the same way as an alleged violation of the Equal Protection Clause by a state actor."" *United States v. Houston*, 456 F.3d 1328, 1335 n.5 (11th Cir. 2006); *United States v. Osorto*, 995 F.3d 801, 810 (11th Cir. 2021) ("[T]he Fifth Amendment's guarantee of due process embodies within it the concept of equal justice under the law."). The complaint alleges that the Defendant's failure to take action to secure the food chain constitutes a violation of his rights to due process and equal protection of the law. However, "[t]here is no

8

constitutionally protected right to discretionary relief, which is the relief requested here." *Diop v. U.S. Atty. Gen.*, 159 F. App'x 103, 104 (11th Cir. 2005); *Mompremier v. U.S. Atty. Gen.*, 302 F. App'x 871, 877 (11th Cir. 2008) (stating same). Likewise, the complaint contains no allegation as to other similarly situated individuals. As such, the complaint fails to state a claim for a violation of Defendant's Fifth Amendment rights.

As Plaintiff has failed to establish standing, the Court finds that amending the complaint would be futile. Amendment is futile when the complaint as amended would still be properly dismissed. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019). "Leave to amend . . . need not be granted where amendment would be futile." *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000); *Morales v. U.S. Dist. Ct. for S. Dist. of Fla.*, 580 F. App'x 881, 886 (11th Cir. 2014) (affirming dismissal of petition for mandamus and noting that any amendment would be futile as Morales' claimed injury is a generalized grievance).

Accordingly, it is hereby **ORDERED**:

1. Defendants' Motion to Dismiss [Doc. 7] is **GRANTED.** Plaintiff's complaint is dismissed, as Plaintiff cannot establish standing.
2. The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on July 30, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any